*159
 

 ENDORSEMENT RULING AND ORDER
 

 CHATIGNY, District Judge.
 

 In January 1994, plaintiff John W. Evans brought this action in Connecticut Superior Court against defendant General Motors Corporation seeking damages for misappropriation of trade secrets. Prior to filing the action, Evans assigned his rights in certain patents and other things to Evans Cooling Systems, Inc. (“ECS”). Shortly after the action was filed, Evans and ECS entered into an agreement with Patent Enforcement Fund, Inc. (“PEF”), providing for funding of the litigation.
 
 [1]
 

 GM removed the action to this court based on diversity jurisdiction. The action was properly removed because Evans is a Connecticut resident and GM is a Delaware corporation.
 

 Pending before the court are two motions: a motion by GM to dismiss the action for lack of subject matter jurisdiction on the ground that Evans has assigned his interest in the alleged trade secrets to ECS and therefore lacks standing to prosecute the action himself; and a motion by Evans for leave to file a second amended complaint to add ECS and PEF as plaintiffs. Like GM, ECS and PEF are Delaware corporations. Accordingly, they cannot be added without destroying diversity jurisdiction. Recognizing this, Evans requests that the ease be remanded pursuant to 28 U.S.C. § 1447(c). GM opposes a remand and urges the court to dismiss the case instead.
 

 After careful consideration, I have concluded that plaintiffs motion to amend the complaint to add ECS as a party should be granted and that his motion to remand the ease should be granted as well.
 

 GM argues that Evans’ lack of standing deprives the court of subject matter jurisdiction and therefore precludes granting the amendment to add ECS as a party. If Evans plainly lacked standing, such that his assertion of standing could be deemed fiivolous, GM might be correct. But it is not obvious that Evans lacks standing. Whether he has assigned his entire interest in the trade secrets to ECS presents a fair issue for further litigation. Because Evans has sufficient standing to maintain the action, his motion for leave to amend may be considered on the merits.
 

 In removal cases, nondiverse parties can be added even though their presence destroys diversity. See 28 U.S.C. § 1447(e) (court may permit joinder of nondiverse defendants after removal and remand action to state court). Adding ECS over GM’s objection is appropriate because GM contends that ECS is the only real party in interest. Moreover, if ECS is not added as a party, there is a risk that the trade secret claims will not be tried on the merits here or in state court.
 

 A federal court must be “cautious about remand, lest it erroneously deprive defendant of a right to a federal forum.” 14A Charles A. Wright & Arthur R. Miller, Edward H. Cooper,
 
 Federal Practice and Procedure: Civil 2d
 
 § 3721, at 218-19. Here, plaintiffs motive is not to defeat federal jurisdiction but to ensure that the trade secret claims are litigated on the merits in a court of unquestioned jurisdiction. GM will not be unduly prejudiced by the amendment or the remand.
 

 Accordingly, plaintiffs motion for leave to file a second amended complaint is granted insofar as it seeks to add ECS as a party. In all other respects, the motion is denied without prejudice. The addition of ECS, a nondiverse party, deprives the court of subject matter jurisdiction. Accordingly, the case is hereby remanded to the Connecticut Superi- or Court pursuant to 28 U.S.C. § 1447(c).
 

 So ordered.
 

 [1]
 

 . Plaintiff alleges that GM stole his trade secrets and incorporated the stolen technology into its LT1 engine. The technology in question is patented in U.S. Patent No. 5,255,636, which was issued to Evans in 1993. Plaintiff has sued GM for infringing the '636 patent. However, GM has obtained summary judgment in that action because the LT1 engine was "on sale” more than one year before Evans filed the application for the '636 patent. See 35 U.S.C. § 102(b) (inventor loses right to obtain patent if invention on sale more than one year prior to date of patent application).